# Hoffman, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Infant trespasser—Nonsuit.*

In an action against a railroad company to recover damages for injuries sustained by a boy in consequence of being struck by one of defendant's trains, a nonsuit was properly entered where it appeared that the boy was a trespasser, the tracks being so situated that they could only be reached with very great difficulty from the direction in which the boy approached, and there was no evidence of wilful or wanton conduct on the part of defendant's, servants.

Argued Jan. 7, 1915. Appeal, No. 221, Jan. T., 1914, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., June T., 1911, No. 5815, refusing to take off a nonsuit, in case of John Hoffman, by and Through His Father and Next Friend, Edward Hoffman, and Edward Hoffman, v. Pennsylvania Railroad Company. Before POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a nonsuit which the court in banc subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Louis Goodfriend,* for appellants.

*Sellers & Rhoads,* for appellee.

PER CURIAM, January 18, 1915:

The court below very properly refused to take off the

judgment of nonsuit which was entered in this case. The boy who was injured was clearly a trespasser upon the tracks of the defendant company, at a place, where the difficulty in getting upon them, from the direction in which the boy approached, was very great. It appears from the record, that in order to accomplish his purpose, the boy climbed more than thirty feet up the steplike end of a stone abutment, and then apparently stepped around the end of an iron fence, walked along one track, over a trestle and between iron girders, and then while in the act of crossing another track, was struck by an approaching train. There was no warrant or excuse for the action of the boy, in coming upon the tracks in this way. There is not the slightest intimation in the testimony, that the injury was the result of wilful or wanton conduct upon the part of any employee of the defendant company.

The judgment is affirmed.